Susan G. Steinman
OSB #106918
9145 Wallace Road NW Salem, OR 97304
Telephone: (503) 512-9141
steinman.lawoffice@gmail.com

Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
(*pro hac vice* to be filed)
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **BRITTAINY SHAW**, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> *v.* <br><br> **NEWEGG, INC.**, <br><br> *Defendant*. | **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **CASE NO: 3:21-cv-01128-IM** |

## FIRST AMENDED CLASS ACTION COMPLAINT[1]

---

[1] A motion attempting to compel arbitration is akin to a motion under Rule 12. *See Grasty v. Colorado Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) (concluding that "[m]otions to compel arbitration . . . are brought properly under Federal Rule of Civil Procedure 12(b)(3)"); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009) (affirming motion to compel arbitration under Rule 12(b)(3)); *Cancer Ctr. Assocs. for Research and Excellence, Inc. v. Phila. Ins. Cos.*, No. 1:15-CV-00084 LJO MJS, 2015 U.S. Dist. LEXIS 51091, 2015 WL 1766938, at *2 (E.D. Cal. Apr. 17, 2015) ("[C]ourts have held that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction 'is a procedurally sufficient mechanism to enforce [an] [a]rbitration [p]rovision.'"); *Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 938 (D. Ariz. 2011) (motion to compel arbitration may be properly brought pursuant to Rule 12(b)(1) or 12(b)(6)); *Cedars-Sinai Med. Ctr. v. Global Excel Mgmt., Inc.*, No. CV 09-3627, 2010 U.S. Dist. LEXIS 139848, 2010 WL 5572079, at *2 (C.D. Cal. Mar. 19, 2010) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.4 (9th Cir. 1988)) (treating

Plaintiff Brittainy Shaw brings this class action against Defendant Newegg, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2.      Defendant is a publicly traded on-line retailer of consumer computer and electronics equipment.

3.      To market its products, Defendant engages in unsolicited text messaging and violates TCPA by continuing to place text message calls to consumers even after they request to opt out of Defendant's telemarketing.

4.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

---

a motion to compel arbitration as a Rule 12(b)(3) motion). Accordingly, the filing of such a motion permits Plaintiff to amend as a matter of right under Rule 15(a)(1)(B) thereby mooting Defendant's pending Motion to Compel Arbitration, [DE 13]. *See Lemberg v. Lularoe*, No. ED CV 17-02102-AB (SHKx), 2018 U.S. Dist. LEXIS 239291 (C.D. Cal. Mar. 1, 2018) ("Because LLR's Motion to Compel Arbitration is targeted at a previous iteration of the Complaint in this action, LLR's Motion to Compel is denied as moot. Plaintiffs' FAC adds new Plaintiffs and causes of action, and thus if Defendants seek to compel arbitration, Defendants should file a Motion to Compel Arbitration based upon Plaintiffs' FAC.") (*citing Armendariz v. Ace Cash Express*, No. 3:13-CV-00590-BR, 2013 U.S. Dist. LEXIS 101078, 2013 WL 3791438, at *1 (D. Or. July 19, 2013) (finding that a motion to compel arbitration "suffices as a 'responsive pleading' to Plaintiff's Complaint or as an unenumerated motion under Rule 12(b), and, therefore, Plaintiff was permitted to file a First Amended Complaint pursuant to Rule 15(a)(1)(B) without first obtaining leave of Court or consent of Defendant.").

## JURISDICTION AND VENUE

5.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.  Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff is a citizen of Oregon while Defendant is a citizen of California, and the Complaint alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each text message call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6.      This Court has personal jurisdiction over Defendant because it has purposefully directed its activities to this state, and/or has availed itself of the jurisdiction of this state, thereby establishing sufficient contacts for personal jurisdiction in this Court. Defendant's tortious conduct against Plaintiff occurred within the State of Oregon and, on information and belief, Defendant has sent the same, or substantially similar, and text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, thereby subjecting Defendant to the jurisdiction of this Court

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

8.      Plaintiff is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Columbia County, Oregon.

9.      Defendant is a California corporation with its principal place of business located at 17560 Rowland Street, City of Industry, CA 91748.

10.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11.      Since at least April 2021, Defendant has and continues to bombard Plaintiff's cellular telephone ending in 9596 (the "9596 Number") with marketing text messages even after repeated requests by Plaintiff for the messages to stop.  The following screenshots depict some of the more recent instances of Defendant ignoring Plaintiff's opt-out requests:

**639344** ›

Text Message
Wed, Apr 21, 9:21 AM

Newegg Identification Code: 845874. This code will expire in 5 minutes.

Wed, Apr 21, 10:45 AM

A Newegg Shuffle will start at 10:00 AM P.T / 01:00 PM E.T. today. Enter here: https://newegg.io/0d015f7

Thu, Apr 22, 8:35 AM

A Newegg Shuffle will start at 10:00 AM P.T / 01:00 PM E.T. today. Enter here: https://newegg.io/12a93e6

Stop

Newegg Customer Service. You will not receive future messages from Newegg Customer Service. For add'l assistance, visit the Help Center at Newegg.com

Newegg Customer Service. You will not receive future messages from Newegg Customer Service. For add'l assistance, visit the Help Center at Newegg.com

639344 >

Fri, Apr 23, 8:31 AM

A Newegg Shuffle will start at 10:00 AM P.T / 01:00 PM E.T. today. Enter here: https://newegg.io/c5c65ec

Stop

Newegg Customer Service. You will not receive future messages from Newegg Customer Service. For add'l assistance, visit the Help Center at Newegg.com

Newegg Customer Service. You will not receive future messages from Newegg Customer Service. For add'l assistance, visit the Help Center at Newegg.com

Tue, Apr 27, 9:29 AM

A Newegg Shuffle will start at 10:00 AM P.T / 01:00 PM E.T. today. Enter here: https://newegg.io/b530bef

STOP

Newegg Customer Service. You will not receive future messages from Newegg Customer Service. For add'l assistance, visit the Help

639344 >

Newegg Customer Service. You will not receive future messages from Newegg Customer Service. For add'l assistance, visit the Help Center at Newegg.com

Newegg Customer Service. You will not receive future messages from Newegg Customer Service. For add'l assistance, visit the Help Center at Newegg.com

Wed, Apr 28, 9:07 AM

A Newegg Shuffle will start at 10:00 AM P.T / 01:00 PM E.T. today. Enter here: https://newegg.io/2193f9d

Fri, Apr 30, 8:47 AM

A Newegg Shuffle begins at 10:00 AM P.T / 01:00 PM E.T. today. Enter here and GL! https://newegg.io/7246b3c

Mon, May 3, 8:36 AM

A Newegg Shuffle begins at 10:00 AM P.T / 01:00 PM E.T. today. Enter here and GL! https://newegg.io/5b512f3

639344 >

Tue, May 4, 8:38 AM

A Newegg Shuffle begins at 10:00 AM P.T / 01:00 PM E.T. today. Enter here and GL! https://newegg.io/0300b5f

Wed, May 5, 8:41 AM

A Newegg Shuffle begins at 10:00 AM P.T / 01:00 PM E.T. today. Enter here and GL! https://newegg.io/b8facd6

Thu, May 6, 8:24 AM

A Newegg Shuffle begins at 10:00 AM P.T / 01:00 PM E.T. today. Enter here and GL! https://newegg.io/a273917

Fri, May 7, 9:01 AM

A Newegg Shuffle begins at 10:00 AM P.T / 08:00 PM E.T. today. Enter here and GL! https://newegg.io/3b1e828

Mon, May 10, 9:23 AM

A Newegg Shuffle begins at 10:00 AM P.T / 01:00 PM E.T. today. Enter here and GL! https://newegg.io/2fcd5f2

639344 >

AM P.T / 01:00 PM E.T. today. Enter here and GL! https://newegg.io/2fcd5f2

STOP

Newegg Customer Service. You will not receive future messages from Newegg Customer Service. For add'l assistance, visit the Help Center at Newegg.com

Newegg Customer Service. You will not receive future messages from Newegg Customer Service. For add'l assistance, visit the Help Center at Newegg.com

Tue, May 11, 7:00 AM

A Newegg Shuffle begins at 08:00 AM P.T / 11:00 AM E.T. today. Enter here and GL! https://newegg.io/962bb50

Wed, May 12, 7:17 AM

A Newegg Shuffle begins at 08:00 AM P.T / 11:00 AM E.T. today. Enter here and GL! https://newegg.io/ec08851

s

9

12.     At the time Plaintiff received these messages, Plaintiff was the subscriber and sole user of the 9596 Number.

13.     Plaintiff primarily uses the 9596 Number as a personal and residential phone.

14.     Defendant's text messages constitute telemarketing, advertising, or solicitations because they promote Defendant's business, goods and services.

15.     As demonstrated above, Plaintiff requested multiple times that Defendant stop contacting the 9596 Number using the "stop" key word provided in the text messages.

16.     Notwithstanding, Plaintiff continued to receive unsolicited text messages from Defendant.

17.     The failure to stop calling is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list, abide by consumer opt-out requests, and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

18.     Defendant's unsolicited text message caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, and wasted time. Further, Defendant violated Plaintiff's substantive rights under the TCPA to remain free of unsolicited calls.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

20.     Plaintiff brings this case on behalf of the Class defined below:

**INTERNAL DO NOT CALL CLASS**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant, or anyone on Defendant's behalf, (2) placed a text message call, (3) regarding Defendant's property, goods, or services, (4) to said person's residential telephone number, (5) after the person had requested to Defendant to not receive any more telephonic communications from Defendant by replying "stop" or any other similar request.

21.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

22.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

23.     Upon information and belief, Defendant has placed text message calls to telephone numbers belonging to thousands of consumers throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

25.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

a) Whether Defendant can meet its burden of showing that it obtained prior consent to make such calls;

b) Whether Defendant's conduct was knowing and willful;

c) Whether Defendant initiated telemarketing calls to telephone numbers who requested to not receive such calls;

d) Whether Defendant is liable for damages, and the amount of such damages; and

e) Whether Defendant should be enjoined from such conduct in the future.

26.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

27.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

28.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

29.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another

12

may not.  Additionally, individual actions may be dispositive of the interests of the Class, although

certain class members are not parties to such actions.

**COUNT I**
**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

31.      Plaintiff re-alleges and incorporates paragraphs 1-30 as if fully set forth herein.

32.      In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

**(1)** *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

**(2)** *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

**(3)** *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

**(6)** *Maintenance of do-not-call lists.* A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

13

33.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

34.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive future calls on their cellular telephone numbers from Defendant.

35.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' opt-out requests.

36.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

37.     Defendant has violated 47 C.F.R. § 64.1200(d) by failing to (1) maintain a written policy for the maintenance of a do-not-call list; (2) train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list; (3) record and honor consumer opt-out requests; and (4) maintain a do-not-call list.

38.     Pursuant to section 227(c)(5)(B) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages for each and every violation.

39.     As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

40.     Plaintiff and the Class members request for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT II**
**Injunctive Relief Pursuant to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

41.     Plaintiff re-alleges and incorporates paragraphs 1-30 as if fully set forth herein.

42.     Pursuant to section 227(c)(5)(A), Plaintiff and the Internal Do Not Call Class members are entitled to and seek injunctive relief prohibiting Defendant's unlawful conduct in the future.

43.     Defendant's ongoing and continuing violations have caused, and in the absence of an injunction will continue to cause, harm to Plaintiff and the Class members.

44.     Plaintiff and the Class members will suffer irreparable harm if Defendant is permitted to continue its practice of ignoring consumer opt-out requests and failing to maintain and abide by an internal Do-Not-Call list.

45.     The injuries that the Plaintiff and the Class members will suffer if Defendant is not prohibited from continuing to engage in the unlawful practices described herein far outweigh the harm that Defendant will suffer if it is enjoined from continuing this conduct.

46.     The public interest will be served by an injunction prohibiting Defendant from continuing to engage in the unlawful practices described herein.

47.     Accordingly, Plaintiff and the Class members seek an injunction requiring Defendant to honor consumer opt-out requests related to its text messaging program, as well requiring Defendant to implement an internal Do-Not-Call, train its personnel on use of the list, and abide by the list.

48.     Plaintiff and the Class members request for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

15

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order declaring that Defendant's actions, as set out above, violate the TCPA;

b) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

c) An injunction prohibiting Defendant from initiating calls to telephone numbers that have opted out of Defendant's text messages, mandating Defendant to honor opt-out requests, and maintain and abide by an internal Do Not Call list.

d) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation.

e) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for himself and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation.

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

Dated: October 21, 2021

                                                Respectfully submitted,


**By:**    */s/ Manuel S. Hiraldo*

            **HIRALDO P.A.**
            Manuel S. Hiraldo, Esq.
            Florida Bar No. 030380
            (*pro hac vice*)
            401 E. Las Olas Boulevard
            Suite 1400
            Ft. Lauderdale, Florida 33301
            mhiraldo@hiraldolaw.com
            (t) 954.400.4713
            *Attorneys for Plaintiff and the Proposed Class*