IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRITTAINY SHAW**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**NEWEGG, INC.**,<br><br>Defendant. | Case No. 3:21-cv-01128-IM<br><br>**ORDER** |

**IMMERGUT, District Judge.**

On October 7, 2021, Defendant filed a Motion to Compel Arbitration and to Stay and/or Dismiss ("Motion"). ECF 13. Plaintiff did not respond to the Motion. Rather, Plaintiff filed a First Amended Class Action Complaint ("FAC") on October 21, 2021. ECF 16. In the FAC, Plaintiff asserted that "[a] motion attempting to compel arbitration is akin to a motion under Rule 12," such that under Rule 15, Plaintiff may file an amended complaint as of right. *Id*. at 1 n.1. Having filed the FAC, Plaintiff argues that the Motion is moot, as it is directed at the previous iteration of the complaint. *Id*.

PAGE 1 – ORDER

For the following reasons, the Court finds that the FAC did not render the Motion moot and did not relieve Plaintiff of her obligation to respond. The Court ORDERS that Plaintiff respond to the Motion by November 12, 2021.

Under Rule 15(a)(1)(B), a party may amend as of right "if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Though it does not appear that the Ninth Circuit has directly addressed whether a motion to compel arbitration functions as a responsive pleading or Rule 12 motion in the context of Rule 15 amendments, courts within the Circuit and District of Oregon have permitted the filing of an amended complaint in response to a motion to compel. *See, e.g.*, *Armendariz v. Ace Cash Exp.*, No. 3:13-CV-00590-BR, 2013 WL 3791438, at *4 (D. Or. July 19, 2013) (concluding that the motion to compel arbitration and dismiss "suffices as a 'responsive pleading' to Plaintiff's Complaint or as an unenumerated motion under Rule 12(b)"); *Lemberg v. LuLaRoe, LLC*, No. ED CV 17-02102-AB (SHKx), 2018 WL 6927836, at *3 (C.D. Cal. Mar. 1, 2018) ("While courts may disagree as to whether a motion to compel arbitration constitutes a motion pursuant to Rules 12(b)(1), 12(b)(3), or 12(b)(6), courts generally agree that such a motion is a Rule 12(b) motion."); *Lee v. Postmates Inc.*, No. 18-CV-03421-JCS, 2018 WL 4961802, at *11 (N.D. Cal. Oct. 15, 2018) (explaining that, though some district courts have held otherwise, "[o]ther courts have held that motions to stay can serve as a 'responsive pleading' within the meaning of the Rule, and some have considered such motions under various subsections of Rule 12(b)"). The Court therefore finds that Plaintiff was entitled to amend her complaint as of right in response to Defendant's Motion, and the FAC, ECF 16, is the operative complaint.

Generally, once an amended complaint is filed, it supersedes the prior complaint, rendering it of no legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Courts have therefore denied as moot pending motions to compel arbitration following the filing of an amended complaint. *See Lemberg*, 2018 WL 6927836, at *3 ("Because LLR's Motion to Compel Arbitration is targeted at a previous iteration of the Complaint in this action, LLR's Motion to Compel is denied as moot. . . . Defendants should file a Motion to Compel Arbitration based on Plaintiffs' FAC."); *see also Eubank v. Terminix Int'l, Inc.*, No. 15cv00145-WQH (JMA), 2015 WL 1843026, at *1 (S.D. Cal. Apr. 21, 2015). The Court notes, however, that the *Lemberg* court specifically cited the "new [p]laintiffs and causes of action" as the basis for mooting the defendants' pending motion to compel and requiring the defendants to refile as to the new complaint. 2018 WL 6927836, at *2–3 (adding 18 new plaintiffs and three new violations of state law).

Such is not the case here. The FAC adds no new parties and contains no apparent changes to claims that materially affect the analysis of the Motion. While the operative complaint now contains two causes of action, the FAC merely breaks out and expands into Counts I and II those claims brought under Count I of the initial complaint. *Compare* ECF 16 at ¶¶ 31–48 *with* ECF 1 at ¶¶ 31–40. Although the FAC is the operative complaint, the Motion here is not mooted by the filing of the FAC. The FAC does not materially alter the issues in the pleadings nor affect the analysis of the Motion, and Plaintiff is not relieved of her obligation to respond to the Motion. Under the circumstances presented here, it would be an inefficient use of time and resources, both for the attorneys and the Court, to require Defendant to file a renewed motion to compel arbitration.

PAGE 3 – ORDER

Therefore, Plaintiff is ORDERED to respond to Defendant's Motion to Compel Arbitration and to Stay and/or Dismiss by November 12, 2021.

**IT IS SO ORDERED.**

DATED this 28th day of October, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
